(No. 83-CC-1914-)

*In re* APPLICATION OF ELIZABETH T. HERRICK.

*Opinion filed May 4, 1983.*

JOHNSON, FRANK & FREDERICK, for Claimant.

NEIL F. HARTIGAN, Attorney General (JAMES A. KOCH, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

Elizabeth Herrick, surviving spouse, brings this claim as widow and beneficiary of Kenneth Herrick, deceased, pursuant to the provisions of the Illinois National Guardsman's and Naval Militiaman's Compensation Act, hereinafter 'the Act'. (Ill. Rev. Stat. 1981, ch. 129, par. 401 *et seq.*) Claimant seeks to recover under the Act for the death of her husband, Captain Kenneth Herrick, who died as the result of an air-craft mishap in the performance of his duty for the Illinois National Guard. On March 19, 1982, the decedent was on duty for the Illinois National Guard. On March 19, 1982, the decedent was on

duty as a navigator. His death resulted from a mid-air explosion of the aircraft at Greenwood Township, McHenry County, Illinois. On March 19, 1982, the decedent died, the cause of death being mechanical injuries, multiple, severe, as a consequence of an airplane explosion. His death was concurrent with the explosion.

It is clear that the decedent died within one year of injuries sustained from an accidental cause, while on duty as an Illinois National Guardsman. Further the death was not a result of the wilful misconduct or intoxication of the decedent.

This Court in *Gaspar v. State of Illinois* (1965), 25 Ill.Ct.Cl. 186, held that a guardsman who dies on duty while classified under inactive duty training status (38 U.S.C. 101 (23) and 32 U.S.C. 502) was entitled to recovery.

The Court, after reviewing this claim and the report of the Attorney General, finds sufficient evidence to determine that this claim is compensable under the Act accordingly.

It is hereby ordered that the sum of $20,000.00 (twenty thousand dollars and no cents) be, and hereby is, awarded Elizabeth T. Herrick, widow and beneficiary of Kenneth Herrick, deceased.